## Gilbert v. Gougler.

*Practice, C. P. — Trespass — Affidavit of defence — Judgment — Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, judgment cannot be entered for want of an affidavit of defence in an action of trespass.

*Negligence—Automobiles—Father and son—Parties.*

2. The mere use of a father's automobile by a son will not render the father liable for the negligent operation of the car by the son. It must be shown that the son at the time of the accident was engaged in the father's business.

Trespass. Rule for judgment for want of an affidavit of defence and statutory demurrer. C. P. Snyder Co., June T., 1921, No. 4.

*Charles P. Ulrich,* for plaintiff; *A. F. Gilbert,* for defendants.

A. W. JOHNSON, P. J., Dec. 5, 1921.—This is an action of trespass to recover damages from the defendants, Harry T. Gougler and Ralph Gougler, alleged to have been caused by the negligent operation of an automobile by Ralph Gougler, one of the defendants, the son of Harry T. Gougler, the other defendant. The plaintiff moved for judgment for want of an affidavit of defence. But in trespass judgment cannot be entered for want of an affidavit of defence.

Section 13 of the Practice Act of May 14, 1915, P. L. 483, provides as follows: "In actions of trespass the averments in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6; the averments of the liability, and averments relating to damages claimed or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

Later, the defendants filed an affidavit raising the question of law as to the right of plaintiffs to recover against Harry T. Gougler, one of the defendants, and asking for judgment in favor of Harry T. Gougler. The following is plaintiff's amended statement: "That the automobile which Ralph Gougler was driving Dec. 10, 1920, and in which he negligently ran into the plaintiff's automobile as aforesaid, in the original statement filed, belonged to Harry T. Gougler, the father of Ralph Gougler, and that Ralph Gougler, at the time of the collision, was operating his father's car with permission, consent and authority of the said Harry T. Gougler, and that said Ralph Gougler has frequently before Dec. 10, 1920, driven his said father's car at will and with the knowledge and consent of the said father."

The defendants contend that no liability is shown on the part of Harry T. Gougler. The contention is correct. Harry T. Gougler, father of Ralph Gougler, incurred no liability merely because he was the owner of the automobile which Ralph Gougler, his son, operated with the permission, consent and authority of Harry T. Gougler. No relationship of master and servant is alleged. In Scheel *v.* Shaw, 252 Pa. 451, it was held: "In an action to recover damages for injuries resulting from an automobile accident, it is necessary for plaintiff to prove not only that defendant was the owner of the car and that the driver was his servant, but that such servant was at the time engaged in the master's business. The test of liability is whether the servant, at the time of the plaintiff's injury, was acting within the scope of his authority in furtherance of the master's business."

The father is not liable for the negligence of his son, unless such negligence is committed while the son was engaged in the father's business. The mere

use of the father's car by the son, with the permission, consent and authority of the father, will not render the father liable for the negligent operation of the car by his son: Scheel v. Shaw, 252 Pa. 451.

The motion for judgment for plaintiff for want of an affidavit of defence must be overruled, and the prayer of Harry T. Gougler, contained in the defendants' affidavit raising the question of law, must be sustained.

Now, Dec. 5, 1921, the motion for judgment for want of an affidavit of defence is overruled, and the prayer for judgment for Harry T. Gougler is sustained, and judgment is directed to be entered in favor of Harry T. Goug-ler, one of the defendants, on the question of law raised in the affidavit of defence. From M. I. Potter, Middleburg, Pa.